UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                          Case Number 07-20637-BC

v.                                              Honorable Thomas L. Ludington

D-1 TIMOTHY WALRAVEN,

        Defendant.

_____ /

## ORDER SUSTAINING DEFENDANT'S OBJECTIONS TO SUBPOENA

Now before the Court are Defendant Timothy Walraven's objections [Dkt. # 42] to the government's subpoena for his testimony at the trial of co-Defendant Karen Zaborowski. The Court previously granted the government's motion to adjourn Defendant Zaborowski's trial date due to the unavailability of Defendant Timothy Walraven to testify as a government witness. Defendant Timothy Walraven was scheduled for sentencing on April 30, 2009, and Defendant Zaborowski's trial was adjourned until June 16, 2009. On the date that Defendant Timothy Walraven's sentencing hearing was scheduled, the Court held a status conference at which it was determined that the sentencing hearing would need to be postponed to allow time to address particular issues. Based on this fact and the reasons stated below, the Court will sustain Defendant Timothy Walraven's objections to the government's subpoena.

On January 13, 2009, Defendant Timothy Walraven pled guilty to a conspiracy to defraud the United States (count 1) and an attempt to evade or defeat tax (count 4). As a result of the Rule 11 agreement, the remaining counts against Defendant Timothy Walraven, including count 17, which jointly charges him and Defendant Zaborowski with structuring transactions to evade

reporting requirements, are to be dismissed.[1]

In his objections, Defendant Timothy Walraven acknowledges that once he has been sentenced and count 17 is dismissed pursuant to the Rule 11 agreement, his Fifth Amendment privilege against self-incrimination will no longer exist as to that count.  However, he asserts that he does not lose his Fifth Amendment right to not testify as to other matters or transactions not included in his conviction or plea agreement.  He asserts that the Fifth Amendment applies to disclosures that he reasonably believes could be used against him in a future criminal prosecution or that could lead to other evidence that might be so used.  For example, he points out that in *United States v. Stevens*, 492 F.2d 1367 (6th Cir. 1974), the court of appeals recognized that a person's guilty plea to federal charges does not deprive him of the right to assert his privilege against self-incrimination to any possible state charge.  Defendant Timothy Walraven predicts that defense counsel will likely challenge his credibility by cross-examining him on a broad range of topics that will likely implicate Fifth Amendment concerns.

In response, the government acknowledges that there is a possibility that questioning of

---

[1] Count seventeen states in its entirety:

That on or about December 20, 2002, within the Eastern District of Michigan, Northern Division, TIMOTHY WALRAVEN and KAREN ZABOROWSKI, defendants herein, did, for the purpose of evading the report requirements of section 5331 of Title 31, or any regulation prescribed under such section, cause or attempt, and did, for the purpose of evading the aforesaid report requirements, aid and abet one another in causing or attempting to cause a nonfinancial trade or business to fail to file a report required under section 5331 or any regulation prescribed under such section, to-wit:

On or about December 20, 2002, Karen Zaborowski, who was then the branch manager and vice-president of National City Bank, authorized and/or approved the issuance of four official checks, each in the amount of $9,900, in order to create the false appearance of a loan transaction between the bank and Timothy Walraven in connection with Timothy Walraven's purchase of a truck, in violation of Title 31, United States Code, section 5324(b)(1), and Title 18, United States Code, section 2.

Defendant Timothy Walraven could implicate Fifth Amendment concerns. Moreover, because it now appears that Defendant Timothy Walraven will not be sentenced prior to the date that Defendant Zaborowski's trial takes place, his Fifth Amendment privilege against self-incrimination continues as to all of the counts in the indictment, including count 17.

Accordingly, it is **ORDERED** that Defendant's objections to subpoena [Dkt. # 42] are **SUSTAINED**.

                                          s/Thomas L. Ludington
                                          THOMAS L. LUDINGTON
                                          United States District Judge

Dated: May 6, 2009

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 6, 2009.

                              s/Tracy A. Jacobs
                              TRACY A. JACOBS